UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP BERRYMAN, et. al.,

      Plaintiffs,                    Civil Action No. 2:13-12403

v.                               HONORABLE VICTORIA A. ROBERTS
                                     UNITED STATES DISTRICT COURT

ADRIANE NEFF, et. al.;

      Defendants,

_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff Philip Berryman is a Michigan prisoner confined at the Saginaw Correctional Facility in Freeland, Michigan.  Plaintiffs David Lytal and Dennis Faber are prisoners at the Lakeland Correctional Facility in Coldwater, Michigan.  Plaintiff James F. Crawford is housed at the Chippewa Correctional Facility in Kincheloe, Michigan.  The plaintiffs seek to file a joint civil rights complaint.

The Court reviewed the complaint and dismisses it without prejudice to the plaintiffs filing individual complaints.

### I.  Background

**A.**     **Philip Berryman**

Berryman claims that on December 4, 2010, he discovered an ingrown hair on his chin.  Berryman used warm compresses to reduce the swelling.  On December 8, 2010, he

attended a grievance interview at the health services building at the G. Robert Cotton Correctional Facility; Defendant Michelle Slick conducted the interview.  Plaintiff declined to sign off on the grievance and started to leave.  Slick told Berryman to stay so she could evaluate the chin infection.  Slick called for Defendant Adriane Neff to look at Berryman's chin; she ordered a ten day course of antibiotics.  Defendant Hasse, another nurse at the facility, informed Neff and Slick that Berryman was allergic to several antibiotics.  Berryman claims that the antibiotics were prescribed as some sort of "set up."  Nevertheless, he began using the antibiotics, as well as hot compresses; the ingrown hair began to show improvement.

On December 9, 2010, Berryman saw a doctor for the ingrown hair.  Later in the day, a housing unit officer told Berryman to return to see Neff.  The officer jokingly told Berryman that he was going to be operated on.  A defendant identified only as "Defendant Jennine African-American nurse" took Berryman's blood pressure.  Berryman claims that three other nurses were present.  Berryman says that as soon as his blood pressure cuff was removed, Neff jerked him backwards in his wheelchair and took him down the hallway.

Neff took Berryman into a dimly lit room far away from other persons; a surgical tray was there.  Neff ordered Berryman to get onto a table.  Berryman was given gauze to hold by Neff and ordered to put a surgical drape on his face.  Neff allegedly jabbed Berryman's chin, causing him pain.  Berryman claims that he did not give Neff or anyone else permission to operate on his ingrown hair.  Berryman began feeling a wet substance

2

on his neck and left side of the shoulder.  Neff was no longer touching Berryman.  As

Berryman waited for the procedure to continue, he suddenly heard a groan and says he

saw Neff cutting her left forearm with a scalpel.  Berryman, believing that he was being

"set up," began screaming.  Officers and nurses came into the room.  Berryman begged

Defendant Connie Ives, the nursing supervisor, "Don't let her [Neff] set me up like this."

Ives just smiled.  Berryman was removed from the room.

Berryman was subsequently found guilty on two major misconduct tickets.  He

spent 30 days in segregation.  He was never criminally charged with assaulting Neff, nor

was the Michigan State Police called to investigate.  Berryman told prison personnel

repeatedly that Neff cut herself; he says his claim has been ignored.

Berryman also claims that Neff gashed his chin during the unauthorized procedure,

causing permanent loss of nerve feelings.  Berryman had chin surgery at Foote Hospital,

and he has been left with a scar on his face.  Berryman claims that Neff performed a

procedure on his chin in retaliation for ten grievances he filed against her.

Berryman claims that after he returned from the hospital, he met with Defendant

Ives and asked her why he had been taken to the back room by Neff.  Ives allegedly told

him that it was in retaliation for the grievances that Berryman filed against a Dr. Cohen.

Allegedly, Slick came to Berryman's cell and told him that what happened to him was in

retaliation for prior grievances.

**B.**   **James F. Crawford**

Crawford alleges that on April 18, 2010, he was denied pain medications that

3

Defendant Dr. Piper prescribed for him for years.  Crawford filed a grievance against Dr. Piper.  It was reviewed by Defendant S. Bastin, who informed Crawford that he would be denied medications if he continued filing grievances.

**C.      David Lytal**

Lytal claims that in 2013 he was denied treatment for a dental condition and that Defendants Davis and Allen refused to relieve the pain caused by ill-fitting partial plates that defendants gave him.  When Lytal spoke with Davis about the sores the plates caused, Davis replied that this was the best that he was going to get.  Davis also advised Lytal that personnel at the prison knew that he and Plaintiff Berryman were cousins and that Neff had informed everyone that the two were cousins.

Lytal had a biopsy performed for cancer.  At that time, he again asked that two posts be placed in his lower jaw to relieve the pain.  Lytal was informed the posts cost too much.  Allen offered to place Lytal on a soft diet.  Allen told Lytal that complaining would not do any good and that he knew "your kind you and Berryman are just alike." Lytal claims that because of his dental condition, he is only able to eat soft foods and that his partial plates fall from his mouth.


**D.      Dennis Faber**

Faber claims that he was denied medical treatment on January 3, 2010, after being roughed up by Defendants Miller and Johnson.  Faber claims that these defendants broke his watch and bruised his ribs during this "shakedown."  On January 15, 2010, the

4

defendants confronted Faber and asked him what he had told medical staff about his injuries. Faber falsely told them that he did not seek medical assistance because the bruising had gone away by that point. Faber did ask the defendants whether they were going to pay for his watch; the men laughed at the question.

Plaintiffs seek injunctive and monetary relief.

## II.  Discussion

The Court dismisses the complaint without prejudice for several reasons.

## A.   Philip Berryman

Berryman did not file an application to proceed *in forma pauperis*, nor did he pay any portion of the $ 350.00 filing fee.

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997).  The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).  Although the PLRA does not specify how fees are to be assessed when multiple prisoners file a joint complaint, the Sixth Circuit suggests that fees and costs be divided equally between the plaintiffs. *In Re Prison Litigation Reform Act,* 105 F. 3d at 1137-38.

Under the PLRA, a prisoner may bring a civil action *in forma pauperis* if he or she

5

files an affidavit of indigency and a certified copy of the trust fund account statement for the six month period immediately preceding the filing of the complaint. See 28 U.S.C.A. § 1915(a). If the inmate does not pay the full filing fee and fails to provide the required documents, the district court normally must notify the prisoner of the deficiency and grant him or her thirty days to correct it or pay the full fee. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir.1997). If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the full fee, and order the case dismissed for failure to prosecute. *Id.*

The complaint is deficient because Berryman did not file an application to proceed *in forma pauperis* or the required supporting documentation.

A second problem with the complaint is that Berryman may not even be eligible to proceed *in forma pauperis*; at least three prior civil actions filed by him were dismissed as frivolous, malicious, or because they failed to state a claim upon which relief could be granted. *See Berryman v. Jabe, et. al.,* No. 89-CV-72658 (E.D. Mich. October 20, 1989); *aff'd* 950 F. 2d 1482 (Table);1990 WL 109233(6th Cir. August 2, 1990); *Berryman v. Berardo,* No. 91-CV-71329 (E.D. Mich. April 30, 1991); *Berryman v. Grayson, et. al.,* 91-CV-76763 (E.D. Mich. May 28, 1993). Also, one court already denied him permission to proceed *in forma pauperis* because of these prior dismissals. *See Berryman et. al., v. Blackman, et. al.,* No. 1:97-CV-00692 (W.D. Mich. November 7, 1997).

Under the PLRA, a federal court may dismiss a case if, on 3 or more earlier occasions, a federal court dismissed the prisoner's action because it was frivolous,

malicious, or failed to state a claim for which relief may be granted. *See*, 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997)(Gadola, J.).  Such a prisoner can only proceed if he is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003)(Lawson, J.).  A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539.

The Seventh Circuit noted: "An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit." *Sloan v. Lesza,* 181 F. 3d 857, 859 (7th Cir. 1999).  Berryman has committed what amounts to a fraud upon this Court by requesting *in forma pauperis* status without revealing that another federal judge already precluded him from proceeding *in forma pauperis* pursuant to § 1915(g). *See Fields v. Gilmore,* 145 F. Supp. 2d 961, 963 (C.D. Ill. 2001); *See also Ward v. King,* No. 2009 WL 367859, * 2(E.D. Mich. February 12, 2009(Friedman, J.); *Demos v. U.S.,* No. 2008 WL 4387327, * 2-3 (E.D. Mich. September 24, 2008)(Steeh, J.); *State Treasurer v. Garrison*, No. 2008 WL 2831241, * 2 (E.D.Mich., July 21, 2008) (Edmunds, J.).

Berryman fails to allege facts to establish that he is in imminent danger of serious physical injury; thus, he does not come within the exception to the mandate of 28 U.S.C.§ 1915(g). *Mulazim v. Michigan Dept. of Corrections,* 28 Fed. Appx. 470, 472 (6th Cir.

7

2002).  Although Berryman claims that he was assaulted by Neff, his complaint does not fall within the imminent danger exception to Section 1915(g); his allegations involve acts of prior abuse.  The imminent danger exception to the "three strikes" provision of § 1915(g) requires that the imminent danger be contemporaneous with the complaint's filing. *See Vandiver v. Vasbinder,* 416 Fed. Appx. 560, 562 (6th Cir. 2011).  Berryman's does not allege such danger.  However, Berryman could refile any of the claims dismissed under § 1915(g) if he paid the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540.

**B.      James F. Crawford**

Although Crawford submitted an application to proceed without prepayment of fees, the application does not include a financial certificate signed by Plaintiff's custodian or designee; nor has Crawford provided the Court with a current computerized trust fund statement of account showing the history of the financial transactions in his institutional trust fund account for the past six months.  Crawford's application to proceed *in forma pauperis* is deficient. *See Hart v. Jaukins,* 99 Fed. Appx. 208, 209-10 (10th Cir. 2004)

**C.      Dennis Faber**

Faber's complaint is potentially subject to dismissal as being time-barred; his allegations involve an incident that took place in January of 2010.

In Section 1983 cases, the appropriate statute of limitations is the analogous state statute of limitations for personal injury actions. *Dixon v. Anderson*, 928 F. 2d 212, 215 (6th Cir. 1991)(citing to *Wilson v. Garcia*, 471 U.S. 261, 276-280 (1985)).  In Michigan,

the three (3) year statute of limitations contained in M.C.L.A. 600.5805(8) is the uniform

limitations period applied to Section 1983 claims which arise out of Michigan. *Carroll v.*

*Wilkerson*, 782 F. 2d 44, 45 (6th Cir. 1986). Faber's suit was filed more than three years

after the alleged incident that he raises in his portion of the complaint.

**D.    David Lytal**

Lytal filed an application to proceed without prepayment of fees and the

allegations in his complaint do not appear to be barred by any statute of limitations.

**E.    The joinder of the four different plaintiffs into a single complaint.**

If any of the plaintiffs had filed an individual complaint with the deficiencies

discussed here, this Court would issue an order for that plaintiff to correct the deficiencies

within a certain period of time. If the plaintiff corrected the deficiencies, the case would

proceed. If the plaintiff did not correct the deficiencies, the complaint would be

dismissed. The difficulty in this case is, when, where, how, and by whom these various

deficiencies would or should be corrected. Also of concern is the potential prejudice to

the various plaintiffs if there were delays by some of the other plaintiffs in correcting

deficiencies.

This points to a final problem with the complaint: whether this Court should allow

four different prisoners, incarcerated at three different prisons around the State of

Michigan, to file a joint complaint. While the joinder of claims, parties, and remedies is

"strongly encouraged" when appropriate to further judicial economy and fairness, *See*

*United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966), Fed.R.Civ.P.

9

20(a)(1), indicates: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."

But, there are significant practical problems in allowing four prisoners incarcerated at different facilities across the State to proceed in the same complaint. As another judge in this district noted, there are "pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder even if it were otherwise allowed by Rule 20(a)." *Proctor v. Applegate,* 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009)(Borman, J.)(citing *Boretsky v. Corzine,* No. 2008 WL 2512916, * 5 (D.N.J. June 23, 2008)).

Several of the problems that arise from multiple plaintiff prisoner litigation include the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." *Id.* (*quoting Boretsky,* at * 5).

Compelling this Court against joinder is that it "invites violations of Rule 11(a), which requires every pleading to be signed by all *pro se* plaintiffs." *Proctor,* 661 F. Supp. 2d at 780 (citing *Ghashiyah v. Frank*, No. 2008 WL 680203, * 1 (E.D.Wis. March 10, 2008). Multiple plaintiff prisoner cases like this one can lead to pleadings filed on behalf of all plaintiffs without their consent. *Id.*

10

An additional problem with multi-plaintiff litigation in the prisoner context is that "jail populations are notably transitory, making joint litigation difficult." *Id.* (*quoting Boretsky*, at *5); *See also White v. Tennessee Bd. of Probation and Paroles*, No. 2007 WL 1309402 (W.D.Tenn. May 3, 2007)("[I]t is administratively impractical to permit five inmates at three institutions to litigate their claims in a single action"). Other district courts have pointed to the "need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a)." *Proctor,* 661 F. Supp. 2d at 780 (*quoting Boretsky*, at *6)(additional citations omitted). Prisoners are simply "not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult." *Id.* (*quoting Boretsky*, at *6).

Finally, even if it were desirable to permit prisoners to file joint actions, joinder would not be proper here because none of the plaintiffs' claims is related; none arises from the same occurrence. *See e.g. Harris v. Spellman,* 150 F.R.D. 130, 131-32 (N.D. Ill. 1993)(Permissive joinder was not available with respect to two inmates' pre-PLRA § 1983 claims which not only involved different occurrences, but also raised different issues of law; allegedly similar procedural errors do not convert independent prison disciplinary hearings into same "series" of transactions or occurrences for purposes of permissive joinder). Although plaintiffs may allege the defendants subjected them to the same or similar treatment, this allegation is insufficient to permit joinder of the claims in a single complaint. *See Proctor,* 661 F. Supp. 2d at 779.

The Court recognizes that misjoinder of parties is not normally sufficient to dismiss an action in its entirety, although misjoined parties can be dismissed from the action by the Court. *See Proctor,* 661 F. Supp. 2d at 781 (citing Fed.R.Civ.P. 21)(additional citations omitted).  However, in light of the many deficiencies here; the fact that the lead plaintiff may be barred from proceeding *in forma pauperis* because of his prior frivolity dismissals; and, the fact that the plaintiffs are incarcerated at three different prisons; this Court believes that the best course of action is to dismiss the complaint without prejudice; each plaintiff may file in his own name only, in the federal district court which has the appropriate venue over his claims. *See e.g. Fuller v. Heyns*, No. 2012 WL 2374222 (E.D. Mich. June 22, 2012).

## ORDER

The complaint is **DISMISSED WITHOUT PREJUDICE;** each plaintiff may file his own complaint.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  July 11, 2013

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record, Philip Berryman, David Lytal, Dennis Faber and James Crawford by electronic means or U.S. Mail on July 11, 2013.<br><br>S/Linda Vertriest<br>Deputy Clerk |

12