UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP BERRYMAN, et. al.,

    Plaintiffs,                                    Civil Action No. 2:13-12403
v.                                            HONORABLE VICTORIA A. ROBERTS
                                              UNITED STATES DISTRICT COURT

ADRIANE NEFF, et. al.;

    Defendants,
_____/

**OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION**

On July 11, 2013, the Court dismissed Plaintiffs' joint civil rights complaint which had been brought pursuant to 42 U.S.C. 1983 without prejudice. *Berryman v. Neff,* No. 12-CV-12403, 2013 WL 3547102 (E.D. Mich. July 11, 2013). Plaintiff Philip Berryman has now filed a motion for reconsideration. For the reasons stated below, the motion for reconsideration is denied.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Michigan Regional Council of Carpenters v. Holcroft L.L.C.* 195 F. Supp. 2d 908, 911 (E.D. Mich. 2002)(*citing to* U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (g)(3)). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition

1

of the case must result from a correction thereof. *Id.* A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

This Court dismissed the jointly filed civil rights complaint, in part because Plaintiff Berryman did not file an application to proceed *in forma pauperis*, nor did he pay any portion of the $ 350.00 filing fee. The Court further noted that Plaintiff Berryman was most likely ineligible to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915g, because Plaintiff Berryman had at least three prior civil actions that had been dismissed as frivolous, malicious, or because they failed to state a claim upon which relief could be granted and one court had already Plaintiff Berryman permission to proceed *in forma pauperis* because of these prior dismissals.

In his motion for reconsideration, Plaintiff claims that the Court erred in finding his portion of the complaint to be deficient, because he claims that he submitted a payment of $ 87.50 with the complaint, which constitutes his portion of the $ 350.00 filing fee that would be pro rated amongst the four plaintiffs.

There are several problems with Berryman's allegations. First, this Court has reviewed the Court's docket sheet in this case and there is no indication of any filing fee being paid by Berryman or any other plaintiff. In the absence of reliable evidence to the contrary, a federal district court should presume the accuracy of a court clerk's docket entries. *Arnold v. Wood,* 238 F. 3d 992, 995 (8th Cir. 2001); *See also Dowdy v. Sherry,* No. 06-CV-10735; 2008 WL 5188827, * 9, n. 1 (E.D. Mich. December 10, 2008).

Secondly, although Plaintiff Berryman in his motion for reconsideration claims that he received a canceled check from the Eastern District of Michigan for his portion of the filing fee, he has not attached a copy of this canceled check or any other evidence to his motion for reconsideration to support his claim.

In the present case, Plaintiff Berryman has failed to show that this Court erred in summarily dismissing his § 1983 complaint. Plaintiff Berryman's motion for reconsideration will therefore be denied, because Berryman is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court summarily dismissed Plaintiffs' joint civil rights complaint. *Hence v. Smith,* 49 F. Supp. 2d 549, 553 (E.D. Mich. 1999).

## ORDER

Based upon the foregoing, IT IS ORDERED that the motion for reconsideration [dkt. # 9] is **DENIED.**

        S/Victoria A. Roberts_____
        **HON. VICTORIA A. ROBERTS**
        UNITED STATES DISTRICT COURT

DATED: 9/10/2013