UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP BERRYMAN, et. al.,

    Plaintiffs,                                          Civil Action No. 2:13-12403
v.                                                  HONORABLE VICTORIA A. ROBERTS
                                                    UNITED STATES DISTRICT COURT

ADRIANE NEFF, et. al.;

    Defendants,
_____/

**OPINION AND ORDER DENYING THE
MOTION FOR RELIEF FROM JUDGMENT**

On July 11, 2013, the Court dismissed Plaintiffs' joint 42 U.S.C.1983 civil rights complaint without prejudice. *Berryman v. Neff,* No. 12-CV-12403, 2013 WL 3547102 (E.D. Mich. July 11, 2013). Philip Berryman filed a motion for reconsideration, which the Court denied. *Berryman v. Neff*, No. 12-CV-12403, 2013 WL 4832819 (E.D. Mich. September 10, 2013).

Berryman has now filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). The motion is DENIED.

Under Fed. R. Civ. P. 60(b), a motion for relief from judgment can be granted for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether heretofore denominated intrinsic or extrinsic),

misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,

(6) any other reason justifying relief from the operation of the judgment.

The party invoking Rule 60(b) bears the burden to establish that the prerequisites are satisfied. *See Jinks v. AlliedSignal, Inc.,* 250 F. 3d 381, 385 (6th Cir. 2001). A Rule 60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated. *See Miles v. Straub,* 90 Fed. Appx. 456, 458 (6th Cir. 2004). A movant under Rule 60(b) also fails to demonstrate entitlement to relief when he or she simply rephrases the allegations contained in the original complaint. *See Johnson v. Unknown Dellatifa*, 357 F. 3d 539, 543 (6th Cir. 2004).

This Court dismissed the jointly filed civil rights complaint, in part because Berryman did not file an application to proceed *in forma pauperis*, nor did he pay any portion of the $ 350.00 filing fee. The Court also noted that Berryman was most likely ineligible to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915g, because he had at least three prior civil actions that had been dismissed as frivolous, malicious, or because they failed to state a claim upon which relief could be granted; one court had already denied Berryman permission to proceed *in forma pauperis* because of these prior dismissals.

In his motion for reconsideration, Berryman claimed that this Court erred in finding his portion of the complaint to be deficient, alleging that he submitted a payment of $ 87.50 with the complaint, which would constitute his portion of the $ 350.00 filing fee that would be pro rated among four plaintiffs.

This Court denied Berryman's motion for reconsideration because there was no indication from the Court's docket sheet that any filing fee had being paid by Berryman or any other plaintiff. This Court further noted that although Berryman claimed in his motion for reconsideration that he received a canceled check from the Eastern District of Michigan for his portion of the filing fee, he failed to attach a copy of this canceled check or any other evidence to his motion for reconsideration to support his claim.

In his motion for relief from judgment, Berryman again claims that he sent a check for $ 87.50 to this Court on May 22, 2013, Check # 517742. For the first time in his motion for relief from judgment, Berryman claims that someone in the clerk's office for the U.S. District Court for the Eastern District of Michigan returned the check to him on July 8, 2013 without cashing it. Although Berryman claims to have received evidence of this returned check from the Michigan Department of Corrections and refers to Exhibits A and B in his motion for relief from judgment, Berryman once again failed to produce evidence to this Court which would suggest that he sent a check for $ 87.50, or that it was wrongly returned to him by someone in the clerk's office.

The Court denies Berryman's motion for relief from judgment; his claims are once again unsubstantiated. Berryman's motion does not entitle him to relief; it merely

3

reiterates the allegations that he made in his original motion for reconsideration. *See Johnson,* 357 F. 3d at 543. Berryman merely attempts to relitigate an issue that was already decided against him. Accordingly, he is not entitled to relief from judgment.

Plaintiff's Motion for Relief From Judgment [Dkt. # 11] is **DENIED**.

**IT IS ORDERED.**

                                            /s/ Victoria A. Roberts
                                            Victoria A. Roberts
                                            United States District Judge

Dated: October 16, 2013

> The undersigned certifies that a copy of this document was served on the attorneys of record and Philip Berryman by electronic means or U.S. Mail on October 16, 2013.
>
> s/Linda Vertriest
> Deputy Clerk